```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DEBORAH H. BOUDREAUX                      CIVIL ACTION

VERSUS                                    NO: 07-555

J.P. MORGAN CHASE & CO., ET               SECTION: "J" (3)
AL.
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for a New Trial (Rec. Doc. 62). For the reasons below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff Deborah Boudreaux brought suit against the Defendant J.P. Morgan Chase alleging injuries arising out of a trip and fall over a curb on the bank's premises. Trial concluded on January 15, 2008, with the jury returning a verdict in favor of Plaintiff and determining that the Plaintiff suffered $27,000.00 in damages. The jury also found that the Plaintiff "failed to exercise reasonable care with regard to the accident," and attributed 75% of the fault for the accident to the Plaintiff. Accordingly, judgment was entered in favor of the Plaintiff in the amount of $6,750.00. Plaintiff now moves for a new trial.

**PARTIES' ARGUMENTS**

Plaintiff argues that she is entitled to a new trial because the jury erred in awarding general damages that are inconsistent with the weight of the evidence presented at the trial regarding her medical injury.  Further, Plaintiff argues that she is entitled to a new trial because the jury rendered a compromise verdict.  Specifically, Plaintiff contends that the jury erred in assessing 75% comparative fault and that the verdict is against the great weight of evidence presented at trial.  Plaintiff argues that jury confusion and bias, as evidenced in the questions posed to the Court during deliberations, impaired the jury's ability to consider the evidence in an objective manner and led to a compromise verdict.

Defendant maintains that the jury's verdict was in accordance with the weight of the evidence and represents a reasoned decision which should not be discarded and replaced simply because Plaintiff is unhappy with the net amount of the verdict.  In response to Plaintiff's claim of jury confusion and bias, Defendant contends that the questions during deliberations were party-neutral and merely evidence that the jury was concerned about an accurate and correct verdict.

In a Supplemental Memorandum, responding to Defendant's Opposition, Plaintiff further argues that the jury's finding that

the curb presented on unreasonably dangerous risk of injury was tantamount to finding that the unpainted curb was not open or obvious. Thus, Plaintiff states that it defies logic to apportion 75% fault to Plaintiff, who was presented with an unreasonably dangerous condition which was not open or obvious. Plaintiff further argues that her need for future surgery was undisputed at trial and therefore the jury award was grossly inadequate.

**DISCUSSION**

*A. Percentage of Comparative Fault and Compromise Verdicts*

A compromise verdict is "when a jury which is unable to agree on liability compromises that disagreement and awards inadequate damages." *Pagan v. Shoney's, Inc.*, 931 F.2d 334, 339 (5th Cir. 1991). Indica of compromise include "whether the issues of liability were strongly contested, whether the jury was confused concerning contributory negligence, whether either party urged the trial court to accept the verdict finally rendered, and how long the jury deliberated." *Id.*

Plaintiff argues that given the fact that the jury determined that Defendant maintained a defective premises and that no evidence was introduced demonstrating that Plaintiff was engaged in any behavior which contributed to her fall, the jury erred in apportioning 75% fault to Plaintiff. However, the

evidence presented at trial does support a finding of Plaintiff's negligence.  Much was made of Plaintiff's navigation of the curb system and previous incidents at that site.  While the bank's liability was strongly contested, Plaintiff's actions on the day of the incident were also discussed at length.  Plaintiff's contention that the danger was not open or obvious does not necessarily preclude a finding of contributory negligence. Regarding the jury's questions during deliberations, there is no indication that they were confused regarding contributory negligence.  The verdict in the case is supported by the evidence and there is not sufficient evidence of a compromise verdict.

## B. General Damages Award

The Fifth Circuit has stated that "[o]nly where the verdict is 'so gross . . . as to be contrary to right reason' or a 'clear abuse of discretion with respect to assessment of damages' will this Court overturn a jury's decision that has been approved by the trial judge."  *Bailey v. So. Pac. Transp. Co.*, 613 F.2d 1385, 1390 (5th Cir. 1980) (quoting *Bridges v. Groendyke Transport, Inc.*, 553 F.2d 877, 880 (5th Cir. 1977)).  Moreover, the jury is granted broad discretion in awarding damages in personal injury actions.  *Chevalier v. Reliance Ins. Co.*, 953 F.2d 887, 881 (5th Cir. 1992).

Plaintiff argues that the evidence indicates she is entitled

to a higher general damages award commensurate with her injuries. As Defendant points out, the jury determined Plaintiff's general damages to be $21,884, including allocations for past physical pain and suffering as well as past mental pain and suffering. Defendant properly distinguishes cases cited by Plaintiff where the injured had undergone surgeries and the award was much greater.  Plaintiff's medical experts were equivocal about Plaintiff's need for future medical procedures and thus a reasonable jury could properly deny future expenses and related pain and suffering.  Even if the need for future surgery were undisputed, as Plaintiff claims, the medical experts established that Plaintiff suffered from a pre-existing degenerative condition and a jury could reasonably determine that Plaintiff's need for future medical care was not the result of the incident at Chase.  Defendant cites a number of cases where plaintiffs were awarded damages similar to this case.  Overall, Plaintiff has not shown that the jury award was grossly inadequate or disproportionate to the mass of past awards for similar injuries. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a New Trial (rec. Doc. 62) is **DENIED**.

New Orleans, Louisiana this the 27th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE